UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | Case No. 10-41432-MSH |
| BRIAN K. CHASSIE | ) | |
| TAMI CHASSIE | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER ON MOTION TO DISMISS**

The United States of America, on behalf of the Internal Revenue Service, filed a motion to dismiss this case pursuant to § 1307(e) and § 1308(a) of the United States Bankruptcy Code, 11 U.S.C . § 101 *et seq.*, because the Debtors failed to properly file their 2008 federal income tax return by May 13, 2010, the day before the date first set for the meeting of creditors. Although the Debtors submitted an opposition in which they stated they had filed the returns at issue, I accept the representation of the IRS' attorney that the copies the Debtors purport to have submitted were unsigned and thus not filed.[1] Neither the Debtors nor their counsel appeared at the hearing on the motion to dismiss.

Pursuant to Bankruptcy Code § 1308(e) I must either dismiss or convert a case, whichever is in the best interest of the creditors and the estate, on request of a party in interest or the United States trustee if a debtor fails to file a tax return as required by § 1308(a). The Debtors have failed to file their 2008 tax return within the time frame set forth in § 1308(a) and therefore I must decide whether dismissal or conversion is warranted. I have no discretion beyond the choice of these two

---

[1] I am not aware when such copy was proffered.

1

drastic results. *In re Cushing*, 401 B.R. 528 (B.A.P. 1st Cir. 2009); Nancy Dreher and Joan N. Feeney, *Bankruptcy Law Manual* § 13:10 (5th ed. 2010).

In taking judicial notice of the docket and pleadings in this case,[2] I note that the plan has not been confirmed although the Chapter 13 trustee represented at the hearing on the motion to dismiss that the Debtors were making the plan payments. Although the Debtors claim some equity in their residence, the equity is fully exempt. Moreover, according to their amended Schedules I and J, they have net monthly income of $1,214.11. Permitting the Debtors with such a high monthly net income to convert to Chapter 7 is not in the best interest of their creditors or the estate.

Consequently the motion to dismiss is granted and the case is hereby dismissed.

Dated: January 14, 2011                                              By the Court,

                                                                     Melvin S. Hoffman
                                                                     U.S. Bankruptcy Judge

---

[2] *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1,8 (1st Cir. 1999) ("The bankruptcy court appropriately took judicial notice of its own docket…")

2